CHARLES H. HARDIN, ADMINISTRATOR OF MARY DAWSON, Plaintiff in Error, v. HENRY T. WRIGHT, Defendant in Error.

*Consideration—Note.*—A note given by an heir as a memorandum or evidence of an amount advanced to him by the payee, is without valuable consideration, and as an evidence of debt is void.

*Error to Callaway Circuit Court.*

The opinion sufficiently states the case.

*C. H. Hardin,* for plaintiff in error.

I. Parol testimony is inadmissible to contradict, enlarge, vary, or add to a written instrument. (Lane v. Price, 5 Mo.

101; Singleton v. Fore, 7 Mo. 515; Woodward v. McGaugh, 8 Mo. 161; Walker v. Engler, 30 Mo. 130.)

Under this principle, the first instruction asked by plaintiff ought to have been given by the court. Much of the testimony given by defendant, and which assuredly decided the case for defendant with the jury, was to the effect that the note was not to be collected unless the collection thereof was necessary for the support of Tinsley, who, to the day of his death, had ample for his support without it. This was adding a substantial provision to the note, and conflicted with the above principle of law.

II. The court committed error in admitting evidence as to the conversation between Tinsley and Blount, at the house of Blount, in relation to the will of Tinsley and the violation of his agreement. It was irrelevant, and served to influence the jury to the verdict given.

*H. C. Hayden,* for defendant in error.

BATES, Judge, delivered the opinion of the court.

This is a suit on a note made by Wright to Tinsley, and bequeathed by Tinsley to the plaintiff's intestate, Mary Dawson, who is daughter of Wright and grand-daughter of Tinsley. The plaintiff Wright answered that the note was given without consideration.

It appeared that mutual accounts had existed between Tinsley and Wright, who disagreed about them and referred their settlement to arbitrators; that the arbitrators found Wright indebted to Tinsley, and that he gave Tinsley the note in suit for the amount so found to be owing. Tinsley had theretofore caused land to be conveyed to Wright, his son-in-law, as an advancement; and evidence was given at the trial tending to prove that the note was given, at the instance of the arbitrators, as evidence of the amount advanced by Tinsley to Wright.

The court, at its own instance, instructed the jury as follows:

" The defendant claims that he is not bound to pay the note sued upon, on the ground that there was no consideration for the execution of said note; and the court instructs the jury that if they find from the evidence that the note in evidence was executed by defendant Wright in consideration that Tinsley had previously made an advancement or gift to him, said Wright, in land or money, and the said note was given for the sole purpose and on the sole consideration that it should be evidence of the amount so advanced, then said note was given without consideration, and the verdict should be for defendant; but if the jury find that the said note was executed by said Wright in consideration of land conveyed to him by Tinsley, or for a balance due and owing by said Wright to Tinsley on a settlement of their accounts, then there is no want of consideration shown, and the jury should find for plaintiff, although they may believe from the evidence that the parties may have both supposed and believed, at the time of said note being executed, that an amount equal to said note would be distributed to the said Wright, as one of the representatives of said Tinsley, at his death, or devised to said Wright or his children by the will of said Tinsley."

The court also gave the following instructions, on motion of the plaintiff:

2. If the jury find from the evidence that defendant executed the note sued on, and that the same was given for the balance found to be due by defendant to Caleb Tinsley, on the settlement made between them by Blount and Ficklin, they will find for plaintiff the amount of said note and interest.

3. Unless the jury find from the evidence that the note sued on was obtained through fraud or mistake, or that the same is without consideration, they will find for plaintiff the amount of said note and interest.

The court refused the following instruction, moved by the plaintiff:

" It is not competent for the defendant to vary or alter the legal effect of the note sued on by any verbal statements made

at the time of or subsequent to its execution," and the jury will exclude such statements from their consideration.

The jury having given a verdict for the defendant, and judgment having been given upon it, the plaintiff brings up this case by writ of error.

The principal ground of complaint of the judgment is that the court refused to give the first instruction prayed by the plaintiff. However correct may be the legal proposition contained in that refused instruction, the plaintiff has not been injured by the refusal to give it, because the two instructions given on his motion, as well as that given by the court, all cover the same ground.

Exceptions were taken to the admission of some testimony and to the exclusion of other; but they concerned matters so immaterial, that if the court had erred in reference to them, the error would not be such as to authorize a reversal, and therefore they are not here considered.

Judgment affirmed. Judges Bay and Dryden concur.